Dear Ms. Tucker:
Our office received an opinion request from you concerning Louisiana Open Meetings Law. Your letter states that certain members of the St. Charles Parish Council (Council) periodically call Town Hall Meetings to address issues and concerns of the residents of St. Charles Parish. The Town Hall Meetings are called without Council approval or vote. In particular, your letter asks us to address:
 1. Whether there is a violation of the Open Meetings Laws if a quorum of the Council attends these Town Hall Meetings;
 2. Whether each meeting must be publicly advertised and open to the general public;
 3. Whether there is a violation if minutes are taken and used to follow-up any questions posed by the public; and
 4. Whether the Councilmember sponsoring the meeting must invite the entire Council, post the notice on the Cable Access Channel, and advertise in the Official Journal.
The right of access to public information is guaranteed by La.Const. Art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:4.1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to observe the deliberations of public bodies. The purpose of this body of law is clearly set forth in La.R.S. 42:4.1(A), which provides:
 [i]t is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that citizens be advised of and aware of the performance of public officials and the *Page 2 
deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.
This statute clearly provides that the purpose behind the Open Meetings Law is for public business to be performed in an open forum, and to allow citizens the opportunity to be aware of and observe the deliberations and decisions that help form public policy. The Legislature instructs liberal interpretation of the Open Meetings Law.
As provided for in La.R.S. 42:5, every meeting of a public body is required to be open to the public, unless closed pursuant to La.R.S.42:6, R.S. 42:6.1 or R.S. 42:6.2.
A meeting is defined by La.R.S. 42:4.2(A)(1) as:
 the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
The stated purpose of the Town Hall Meeting called by a Councilmember is to receive information about a matter which the Councilmember deems important. The issue presented is whether or not the Council is "convening" for the purposes of the Open Meetings Law when members attend a Town Hall Meeting called by an individual Councilmember. The applicable laws do not define "convene."[1] "Convene" is defined as "[t]o call together; to cause to assemble." Black's Law Dictionary 355 (8th ed. 2004). Another definition specifies "to come together in a body."convene. (2008). Merriam-Webster Online Dictionary.[2]
You have told our office that notice of Town Hall Meetings to other members of the Council varies with each Town Hall Meeting. You have described the typical process for calling a Town Hall Meeting as follows:
 • A Councilperson decides to call a Town Hall Meeting on a particular issue;
 • A flyer and an agenda are prepared;
 • The Councilperson determines who from the Council is notified (they send the notice to two at-large Councilmembers, but do not normally provide notice to the entire Council); and
 • The Councilperson determines the method in which the public is notified. Notice in the past has included: posting the flyer at the place where the meeting is to be held, notification in the newspaper, posting signs in the *Page 3 
area of concern, sending letters to residents, and/or posting the notice on the Council website.
First, it is important to note a distinction between Council meetings and Town Hall Meetings. A Council meeting is a gathering sanctioned and called by the Council as a public body. A Town Hall Meeting is a gathering called by one or more individuals. In fact, a Town Hall Meeting can be called by any member of the public. In the scenario you have presented, concern is raised because the individual calling the Town Hall Meeting is also a public official. Additionally, you informed our office that the issue discussed at the particular Town Hall Meeting which gave rise to this opinion request was considered by the Council at a previous Council meeting, that the Council issued a letter related to the issue, and recognized the need for a Town Hall Meeting to discuss the issue further.
Whether or not a quorum of the public body could be said to be "convening" for the purposes of the Open Meetings Law requires an assessment of the particular facts relevant to the particular situation, taking into account the instruction to interpret the Open Meetings Law liberally, and the public policy underlying such a body of law.
Just as the last sentence of La.R.S. 42:6 provides that "[n]othing in this Section . . . shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8" and the last sentence of La R.S. 42:7(A)(1)(b)(ii) provides that "[t]he public body shall not use its authority to take up a matter not on the agenda as a subterfuge to defeat the purposes of R.S. 42:4.1 through 8," the rules of statutory interpretation permit a similar conclusion to be drawn for Town Hall Meetings.[3] The City Council cannot use a Town Hall Meeting as a subterfuge to defeat the purposes of the Open Meetings Law.
Typically, we understand that not all of the Councilmembers are noticed of a Town Hall Meeting, but if the Councilmember calling the meeting determines that notice should be provided to a quorum of the Council, the analysis of whether or not it should be properly noticed should be given additional consideration. If the Councilmember gives notice to a quorum of the Council (or the entire Council), the member may have determined that the issue is one that the Council, as a public body, has an interest in addressing. If a quorum of the Council is noticed of the meeting, the Town Hall Meeting should be properly noticed in accordance with La.R.S. 42:7, and otherwise comply with the Open Meetings Law if a quorum does, in fact, attend.
We note that in La. Atty. Gen. Op. No. 89-352, our office stated that, "[t]he mere fact that a quorum is present in any particular location does not cause a violation of the Open Meetings Law." Additionally, we draw your attention to a previous opinion whereby our office considered a particular Town Hall Meeting in which a quorum of the Thibodaux City Council attended. In La. Atty. Gen. Op. No. 00-70, a member of the *Page 4 
Thibodaux City Council organized a meeting to allow a developer to explain proposed renovations to a certain area, and invited residents of the nearby subdivision to attend. The Councilmember who called the meeting never formally invited the Council to attend, but a quorum of the Council did, in fact, attend. In providing the opinion that this was not a violation of the Open Meetings Law, as there was no "convening" of the public body, our office stated:
 We do not find that the meeting in question in any way was a deliberation by the City Council who had convened as a public body, but simply a discussion in a public forum attended by three Councilmen, two as observers. While there was no general public notice of the meeting, there clearly was no intent that the discussion be a secret deliberation, but was a situation where it appears notice was only given to the public sector most directly affected.
 [. . .]
 A distinction must be made between the convening of officials in their capacity as a public body, and those officials attending a public forum as interested observers.
La. Atty. Gen. Op. No. 00-70.
In the situation described to our office in Opinion 00-70, this was understood to be a one-time occurrence. Although you have indicated that your request arose out of a singular incident whereby a quorum of the Council attended a Town Hall Meeting, your inquiry suggests that a quorum of the Council could attend Town Hall Meetings in the future. Unlike the meeting in Opinion 00-70, Town Hall Meetings occur regularly enough for there to be a typical process for calling them, even if the procedure is not rigidly set. Although La.R.S. 42:4.2(B) provides that the Open Meetings Law "shall not apply to chance meetings or social gatherings of members of a public body at which there is no vote or other action taken," it is difficult to imagine how a Town Hall Meeting with a procedure for providing notice to other members and the public could be described as a chance meeting or social gathering. However, it cannot be ignored that the decision to hold a Town Hall Meeting is made unilaterally, and not by the public body as a whole.
Again, whether or not the members could be said to be "convening" depends upon the facts surrounding the Town Hall Meeting. The number of other Councilmembers given notice should be considered, as well as the Councilmembers' role in the Town Hall Meeting. Where a quorum of the Councilmembers gather together in front of the people for the Town Hall Meeting, giving the appearance that the Council is conducting the meeting, the Council could be said to be "convening" as a public body for purposes of discussing or receiving information on a subject over which they have supervision, control, jurisdiction or advisory power. *Page 5 
In any situation involving a quorum of the public body, the purpose and intent behind the Open Meetings Law should be considered. Given that the Open Meetings Law is to be liberally construed, any time the Council has cause to believe a quorum of the Council might attend a Town Hall Meeting in the future, we recommend the Open Meetings Law be followed. Additionally, we advise that any media representative who has requested notice to Council meetings be properly notified of any Town Hall Meetings to ensure that citizens are aware of the meetings and may properly participate if they so choose. Your opinion request asks if there is a violation if minutes are taken and used as a follow-up to answer any questions posed by the public. There are no requirements governing the response to questions at a Town Hall Meeting, and considering the fact that this practice of answering questions poses no violation of the Open Meetings Law,
you are not in violation if minutes are taken and used to answer questions. Your last question asks whether the entire Council must be invited to the Town Hall Meeting, and whether notice must be posted on the Cable Access Channel and in the official journal. As this is not a Council sanctioned meeting, there is no requirement to invite the entire Council. If there is no cause to believe a quorum of the Council will attend the Town Hall Meeting, there are no legal notice requirements. However, if there is cause to believe a quorum of the Council will attend the Town Hall Meeting, you should follow the same procedures regarding notice that you would follow for a Council meeting.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB
[1] La. CC Art. 11 provides that "[t]he words of a law must be given their generally prevailing meaning."
[2] Retrieved September 23, 2008, from http://www.merriam-webster.com/dictionary/convene.
[3] La.C.C. Art. 13 provides that "Laws on the same subject matter must be interpreted in reference to each other."